[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Scott Shanks filed an Application for Custody dated July 2, 2001 against the defendant Jodi Reese seeking custody of the minor child Destiny Lynn Shanks born August 25, 1995.
On January 15, 2002, January 16, 2002, and January 23, 2002, the matter was tried to the court. The parties were represented throughout the proceedings by counsel. A Guardian Ad Litem was also present throughout the proceedings. Testimony was received from the plaintiff, defendant, the Guardian Ad Litem, Dr. Lisa D. Piechowski, a psychologist, Karen Dupuis, a social worker with the Department of Children and Family Services, Timothy Shanks, the plaintiff's father, Florence Robert, the minor child's first grade teacher and John Byar, a witness called by the defendant.
From the testimony and evidence produced at the trial, and after carefully assessing the credibility of the witnesses, the court finds the following to have been proven.
This is a contested custody matter between unmarried parents of a minor child, Destiny Lynn Shanks born August 25, 1995. The plaintiff is the father of the child and the defendant is the mother of the child, the parties having filed an affirmation and acknowledgment of paternity with the court.
The father is presently 26 years old and is employed as a truck driver working from 3:00 a.m. until 1:00 p.m. He married his wife Kelly in May of 2001 and currently resides with her in Marlborough, Connecticut.
Following the birth of the child the mother and father lived together with the child until the parties separated approximately in 1996 or 1997. The father has maintained a relationship with his daughter all of her life and has voluntarily paid child support to the mother since 1996.
Mr. Shanks testified that prior to the present custody action, he wanted to seek custody from the court but couldn't financially afford to do so during the last six years.
At trial, Mr. Shanks expressed concern about the defendant's behavior including her recent marriage this past summer and his understanding that the defendant was planning on taking the child to live with her in CT Page 1714 Tennessee. Mr. Shanks also was concerned about the defendant's recent difficulties with her son from another relationship. He also testified that Ms. Reese took frequent out of state trips which resulted in him being give the custody of their child during said trips.
Mr. Shanks desires that the court award joint custody of the child but that the primary residence of the child be with him. He does however, want his daughter to have a loving relationship with her mother. The father believes that he can provide a safe and stable environment for his daughter and that both his wife Kelly and his extended family would participate in his daughter's life. His wife Kelly did not testify at the trial.
Additionally, although ordered by the court to participate in joint counseling on September 28, 2001, he did not do so due to cost and insurance coverage problems.
The mother, Jodi Reese is 29 years old and is currently employed as a day care provider working from 7:00 a.m. to 5:00 p.m. She currently resides with her daughter in Ellington, Connecticut where Ms. Reese has resided for the past eight years.
She married David Bird in June of 2001 in Tennessee and has filed an action to dissolve said marriage acknowledging that her marriage was a mistake. She testified that she did not inform Mr. Shanks that she was planning on moving to Tennessee with her daughter but does acknowledge she informed him that she was considering the move and wanted his input. She testified at the trial that she has no intention to moving to Tennessee believing it not to be in her daughter's best interest.
Ms. Reese also has another child, a son from a prior relationship. DCF has been involved with the difficulties she has had with her son and there was a criminal case against her in regard to said child. Ms. Reese has requested a substantiation hearing which has yet to be heard. No evidence was presented to indicate that DCF has ever taken any action to remove Destiny from her mother's care and that there is no active case. The plaintiff father and the Guardian Ad Litem have acknowledged that there is no claim that the child is in any danger or that the mother is an unfit parent of Destiny.
The defendant also testified that she only took infrequent out of state trips as part of a vacation and that as a result her child was able to spend additional time with her father which was welcomed by him.
The defendant has testified that the minor child, Destiny has resided with her from her birth and that she has been primarily responsible for CT Page 1715 her care since the parties separated approximately five or six years ago. She further testified that while in her care, Destiny has participated in numerous activities including dance, Brownies and bible studies.
The defendant mother also would like joint custody of the child but would like the primary residence to be with her. She also desired that her daughter have a continuing relationship with her father and his extended family.
Ms. Reese has received counseling pursuant to the court order but testified that Mr. Shanks has declined to participate in that counseling.
The Guardian Ad Litem submitted a report to the court dated January 3, 2002 and also testified at trial.
The Guardian has reported that the minor child is a normal, healthy and intelligent six year old who is comfortable in her surroundings at both her parents homes which he finds to be both clean and appropriate.
In addition, the Guardian Ad Litem testified that the parties have difficulty in communicating with each other.
The court is aware of the Guardian's recommendation that the primary residence of the minor child be awarded to the father. He acknowledges that the child's interactions with her mother were completely normal and that both parties have a normal relationship with the child. Further, he acknowledged that Destiny was doing well in school and that her mother was meeting the needs of her child while in her care.
Doctor Lisa D. Piechowski conducted a psychological assessment of both the mother and father pursuant to an order of the court of September 28, 2001.
Doctor Piechowski testified that she has more concern for the mother's mental health than the fathers but that her concerns do not indicate that the mother is an unfit parent. She acknowledges that she did not conduct a custody evaluation and cannot determine whether the mother or father would be a better parent for Destiny.
The minor child is currently enrolled in the first grade in the town of Ellington school system. Her first grade teacher, Ms. Florence Robert testified that Destiny is doing well in school, has no behavioral problems and appears happy while attending school. In addition, Ms. Robert testified that the child has satisfactory peer relationships. She also CT Page 1716 testified that Destiny is progressing appropriately in her social and academic development.
The minor child is healthy, well adjusted and has a satisfactory relationship with both of her parents. She is doing well in school and despite the turmoil that surrounds her as the result of her parents inability to communicate with each and the present custody action, the child is presently thriving.
The court finds that notwithstanding assertions to the contrary, the defendant mother is the primary caretaker and has provided the primary residence for the child since the parties separated approximately five or six years ago.
The court finds that both the mother and father love the child and are capable of caring for her in a proper manner.
However, the court further finds that it is in the child's best interest that the primary residence of the minor child remain with the mother. The evidence clearly demonstrates that the mother provided excellent care for the child. The nurturing and stability that the mother has provided for Destiny clearly has been a major contributing factor to the child's positive growth and development. The mother also recognizes the importance of having the father be actively involved in his daughter's life and appears to have fostered that relationship. The mother's personal difficulties do not appear to have diminished the care she provides for her daughter.
After considering and weighing all of the evidence as well as assessing the credibility of the witnesses and after taking into consideration all of the criteria set forth in Connecticut General Statutes § 46b-56, § 46b-56a and § 46-61 and applying the same to the evidence, the court enters the following orders:
1. The plaintiff and defendant shall have joint legal custody of the minor child, Destiny Lynn Shanks with the primary residence with the defendant subject to reasonable rights of visitation with the plaintiff, including but not limited to the following:
(a) During the school year, every other weekend Friday after school until Sunday evening at 7:00 P.M. During the weeks when the father does not have the child on the weekend, he shall have visitation on two week-nights from after school until 7:00 P.M. CT Page 1717
 (b) During the summer, the father shall have visitation every other weekend from Thursday at 6:00 P.M. until Sunday at 8:00 P.M. During the weeks when the father does not have the child on the weekend, he shall have visitation on two week-nights from 3:00 P.M. until 8:00 P.M.
2. Each party shall have three non-consecutive weeks' summer vacation with the minor child per year. Each party shall give notice to the other of their summer vacation plans by May 1 preceding the summer vacation.
3. The parties shall share holiday access with the minor child.
4. The parties shall equally share the fees of the Guardian Ad Litem for the minor child.
5. The parties shall participate in the parenting education program pursuant to Connecticut General Statutes § 46b-69b.
The parties may file motions for the financial issues concerning the minor child.
Edward C. Graziana Superior Court Judge CT Page 1718